E. Waddell and Husband v. Mills Judson.

A judgment rendered against a married woman in a suit regularly prosecuted by attachment, is not open and cannot be questioned as to the original indebtedness, without any action of rescission having been brought or any appeal taken from the judgment within two years.

The Sheriff's return that property sold by him was duly appraised is sufficient in the absence of any rebutting evidence.

APPEAL from the Fifth District Court of New Orleans, *Strawbridge*, J. *Walker & Pierce*, for plaintiffs and appellants. *H. D. Ogden*, for defendant.

Spofford, J. In March, 1846, the plaintiff, *Eleanor C. Waddell*, authorized by her husband, mortgaged the slaves *Anthony* and *Louisa* (declaring them to be her lawful property) to the defendant *Mills Judson*, to secure the sum of $500 then loaned her. The mortgage was by authentic act passed in New Orleans, where the plaintiffs then resided.

In December, 1848, the note given for this loan being long past due and the plaintiffs having left this State, *Judson* proceeded by attachment against *Mrs. Waddell* to foreclose the mortgage. The slaves *Anthony* and *Louisa* were attached, and a personal citation was afterwards served upon *J. P. Waddell*, her husband, together with a copy of the petition filed in the Fourth District Court of New Orleans.

WADDELL
*v.*
JUDSON.

An answer was filed by an attorney-at-law on behalf of both *Mrs. Waddell* and her husband, and the proceedings resulted in a judgment against her, with privilege on the slaves attached.

Under this judgment, they were seized in execution, together with her interest in her mother's succession, and, at the Sheriff's sale, *Judson* became the purchaser of the property seized, and went into possession of both slaves in May, 1849.

In May, 1854, *Mrs. Waddell*, with the assistance of her husband, brought this suit against *Judson* for the said slaves or their value and hire since May, 1849.

She alleges that the slaves were hers by inheritance from her mother; that *Judson* got possession of them wrongfully, under color of certain judicial proceedings, meaning the attachment suit aforesaid; that she was absent at the time of these proceedings, and never cited and made no appearance; that the proceeds of the note on which the attachment suit was based did not enure to her benefit, but to her husband's; that her husband had paid usurious interest therefor, and that the Sheriff's sale of the slaves, under the judgment, was void, because they were adjudicated for a bid not exceeding the anterior mortgages, because there was no appraisement, because "other forms and requisites of law were not complied with," and because *Judson* slandered her title to the property at the time of the sale, and thereby depressed the price.

The defendant maintains that the judgment in the attachment suit is not now open to be questioned by the plaintiffs, and in this he is clearly right.

A personal citation addressed to *Mrs. Waddell*, together with a copy of the petition, having been served upon her husband, from whom she was not separated, she was thereby brought into court. C. P., 192.

Moreover, her property was attached, which of itself gave jurisdiction to the court. Her remedy, if aggrieved by the judgment, was either by an action of rescission or by appeal, both of which were barred by the lapse of two years from the 12th February, 1849, when the judgment was signed.

"The absent debtor, against whom judgment has been so rendered, may, within two years after such judgment, obtain the reversal of the same, if he proves that the distance at which he lived from the place where the attachment was obtained, has prevented his being apprised of the proceedings had against him, and that the plaintiff has availed himself of his absence to obtain payment of a debt, either already paid in totality or partly discharged, or which did not exist." C. P., 267.

"A judgment may be reversed if it has been rendered on an attachment obtained against a person absent, and who had no knowledge of the action having been brought against him; if such person show that he was not indebted either for the whole, or for part of the sum for which the judgment was obtained and his property sold. But this action shall be prescribed after two years have elapsed from the date of the judgment." C. P., 614.

"No appeal will lie, except as regards minors, after a year has expired, to be computed from the day on which the final judgment was rendered, if the party claiming the same reside in the State, and after two years if he be absent therefrom." C. P., 593.

The plaintiff, therefore, when she brought this action, was concluded by the judgment of the Fourth District Court as to her original indebtedness to *Judson*.

She then appears in the attitude of a party whose property has been sold under a valid judgment for a debt of her own, seeking to set aside the adjudication and to get back her property, solely on the ground of certain specified informalities and irregularities in the sale.

But every specific allegation she makes of irregularities in the Sheriff's sale, is unsustained by the evidence. The price bid exceeded the amount of mortgages and privileges preferred to the judgment creditor; the Sheriff's return recites that the property was duly appraised, a recital which no evidence was offered to rebut, as required by the rule in *Hewitt* v. *Stephens*, 6 An., 640. There is no proof whatever of a slander of her title on the part of *Judson* for the purpose of deterring competition in bidding; and the allegation of other informalities is too vague to require notice, the petition merely asserting, "nor were the other forms and requirements of the law for Sheriff's sales complied with."

It is therefore ordered that the judgment of the District Court be affirmed with costs.